## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SKYLUR JOHNSON | : | DOCKET NO. 22-cv-04350 |
| | | |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| | | |
| STATE FARM FIRE & CASUALTY COMPANY, ET AL. | : | MAGISTRATE JUDGE KAY |

### <u>ORDER</u>

On March 2, 2023, defendants filed a Motion for Summary Judgment in this matter seeking dismissal of this action against them as none of them, they claim, ever issued a policy of insurance in favor of plaintiff Skylur Johnson or the property referenced in the Complaint.  Doc. 13. Defendants have submitted the affidavit of Lisa Michele Deen, Claim Team Manager for all defendants, who states under oath that she has searched the records of all named defendants and none of them had a homeowner's policy in effect for Skylur Johnson individually or the property that is the subject of this lawsuit.  Doc. 13, att. 4.  This matter is one of multiple matters filed by attorneys with the firm of McClenny Mosely & Associates, PLLC ("MMA").  Courts in both the Western and Eastern Districts of Louisiana have found multiple irregularities in numerous cases. And this appears to be yet another instance where MMA failed to take the slightest care in filing a complaint.

R. William Huye, III, with MMA was the signatory to the complaint.  Should the facts asserted by defendants in their Motion for Summary Judgment prove to be true, then it appears as though sanctions may be in order pursuant to Fed. R. Civ. P. Rule 11(b)(2) in that the claims of the original complaint are not warranted by existing law or under Rule 11(b)(3) in that the factual

contentions have no evidentiary support.  If the facts asserted by defendants in their motion prove to be true, then we may also have authority to sanction pursuant to our inherent power to manage our own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.*, 111 S.Ct. 2123 at 2132-33 (1991).  To that end, it is

**ORDERED** that R. William Huye, III, show cause on April 26, 2023, at 9:00 a.m. in Courtroom 2 of the Lake Charles Division of the Western District of Louisiana, why he should not be sanctioned for filing this lawsuit.  In preparation for that hearing, Mr. Huye is to submit to the court by email, and be prepared to discuss at hearing, the following information:

1. A copy of the retention agreement between MMA and Skylur Johnson.

2. A written, sworn statement setting forth the following:

   a. How Skylur Johnson became a client of the firm;
   b. Whether you personally have ever spoken with Skylur Johnson;
   c. Whether you personally reviewed the complaint before it was filed;
   d. Whether you personally reviewed Skylur Johnson's file before the complaint was filed;
   e. Upon what information you relied to make the allegations made in the complaint;
   f. A list of all software applications used by MMA for case management;
   g. Whether you kept records of activity on behalf of Skylur Johnson separate and apart from the software identified in response to (2)(f) above used by MMA in general for case management and, if so, the name of that software or record keeping mechanism;
   h. Whether there exists a fee sharing arrangement between MMA and another law firm reflected in Skylur Johnson's retention agreement or otherwise;
   i. A full explanation of why such an arrangement exists;
   j. What role was served in this litigation by any non-MMA attorney with whom MMA would share fees.  This explanation must provide specific details of how this fee sharing arrangement was intended to benefit Skylur Johnson.

3. A detailed printout of all activity on this file since inception of the relationship between Skylur Johnson and MMA including, but not limited to, any information entered into the Smart Advocate or other

software application used by MMA for case management described in 2(f) or (g) above.

**IT IS FURTHER ORDERED** that Skylur Johnson appear personally for this hearing. To that end, the Clerk of Court is to mail to plaintiff a copy of this order with a cover letter addressed to plaintiff explicitly pointing out that their presence at the hearing is required, which the Clerk of Court will mail to the address provided by MMA to the Special Master pursuant to the order of the district court found at doc. 12 and on file with district court chambers. A copy of the transmittal letter is to be placed on the docket of this proceeding. Through this order we caution plaintiff that their failure to attend this hearing personally could result in a recommendation to the district court that the matter be dismissed for their failure to prosecute. Plaintiff should understand that, as of this moment, they are in no danger of adverse action by the court and that is not why their presence is mandated. Rather their presence is mandated so that the court can understand how R. William Huye, III, could have filed this lawsuit against entities that did not have a policy of insurance covering their property if, in fact, that is the case.

THUS DONE AND SIGNED in Chambers this 24th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE